UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jerry Muhammad, | ) | CASE NO: 5:21CV2354 |
|    Plaintiff, | ) ) | JUDGE JOHN ADAMS |
| v. | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Cathy Patton, et al. | ) ) ) | (Resolves Doc. 7) |
|    Defendants. | ) ) | |

*Pro se* plaintiff Jerry Muhammad filed this action against Cathy Patton and Elizabeth Kaisk. On July 21, 2022, Defendants moved to dismiss the complaint. Doc. 7. Muhammad did not respond to the motion to dismiss. For the following reasons, this action is dismissed.[1]

### I. Standard of Review

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). The Court is not required, however, to conjure unpleaded facts or construct claims on a *pro se* plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

---

[1] Wiley's motion to proceed in forma pauperis (Doc. 2) is GRANTED.

Federal courts are courts of limited jurisdiction and, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988) (citing Fed. R. Civ. P. 12(h)(3)); *Curry v. US. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006) (same) (citing *Owens*, 860 F.2d at 1367).

## II. Law and Analysis

### A. No Federal Jurisdiction

Federal courts, unlike state trial courts, do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he or she is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person

2

equates to his or her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). Here, the complaint suggests that the plaintiff is a citizen of Ohio and that both defendants are also citizens of Ohio. Plaintiff has therefore failed to establish diversity of citizenship. Accordingly, federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what a plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction

also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and therefore enjoys the benefit of a liberal construction of his pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. But even with the Court's liberal construction, Plaintiff failed to properly identify a federal question in this case.

Plaintiff's allegations suggest that Defendant Patton engaged in some type of fraud or forgery and that Defendant Kaisk engaged in some form of discrimination. Plaintiff does not allege the type of discrimination or any of the conduct to support the conclusion that discrimination occurred. As a result, he has failed to plausibly identify any facts that support federal question jurisdiction.

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The complaint is hereby dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

September 7, 2022         /s/ John R. Adams
                          JUDGE JOHN R. ADAMS
                          UNITED STATES DISTRICT COURT